IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01104-REB-CBS

LEONARD BALDAUF,
    Plaintiff,
v.

FRANCES GAROUTTE et al.,
    Defendants.

_____

ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This case is before the court on: (1) Defendants' "Motion for Set Aside Clerk's Entry of Default" (filed October 12, 2005) (doc. # 128); and (2) Baldauf's "Renewed Motion for Default Judgment" (filed October 19, 2005 (doc. # 130). Pursuant to the September 10, 2003 Order of Reference and the memoranda dated October 13, 2005 (doc. # 129) and October 19, 2005 (doc. # 131), the Motions were referred to the Magistrate Judge. The court has reviewed the Motions, Defendants' Response (filed October 28, 2005 ) (doc. # 133), Baldauf's Response (filed November 1, 2005) (doc. # 136), the entire case file and the applicable law and is sufficiently advised in the premises.

I.    Background

    On July 15, 2004, in light of his Recommendation that this civil action be dismissed without prejudice for failure to exhaust administrative remedies (doc. # 98), the Magistrate Judge recommended that Baldauf's Application [Motion] for Default Judgment (doc. # 90)

be denied. The recommendation was procedurally-based; it did not address the merits of Baldauf's [Motion] for Default Judgment at that time.

In the mandate dated August 8, 2005, the Tenth Circuit Court of Appeals affirmed the district court's order (doc. # 110) denying Baldauf's Motion for Default Judgment against Defendants Garoutte and Bennett because the record indicated that Garoutte and Bennett were not served. In fact, the record reveals that Defendant Bennett was personally served on October 21, 2003 (doc. # 51) and that Defendant Garoutte was personally served on February 23, 2004 (doc. # 73). Prior to the Clerk's Entry of Default on October 12, 2005, neither Garoutte nor Bennett had answered or otherwise responded to Baldauf's Complaint.

On October 12, 2005, Baldauf filed a request for entry of default against Defendants Bennett and Garoutte (doc. # 126), the Clerk of the Court entered default against Defendants Bennett and Garoutte (doc. # 127), and Defendants filed their Motion to Set Aside Clerk's Entry of Default (doc. # 128). In their Motion to Set Aside Clerk's Entry of Default, Defendants Garoutte and Bennett "adopt and incorporate the statements contained in the Memorandum Brief in Support of Defendants' Motion to Dismiss previously filed on behalf of all Defendants on December 12, 2003," and indicate their intention to "file appropriate responsive pleadings after the limited discovery" on remand is completed. (*See* Motion to Set Aside Clerk's Entry of Default at p. 3). Defendants Garoutte and Bennett further argue that they have a meritorious defense and that setting aside the default will not cause any prejudice to Baldauf.

On October 28, 2005, based upon the Clerk's Entry of Default, Baldauf moved for

default judgment against Defendants Garoutte and Bennett.

II.     Standard of Review

Fed. R. Civ. P. 55(c) permits the court to set aside an entry of default "[f]or good cause shown." For purposes of Rule 55(c), the determination of whether good cause has been shown is within the sound discretion of the court. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). "The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'" *Fink v. Swisshelm*, 185 F.R.D. 353, 358 (D. Kan. 1999) (quoting *Gomes*, 420 F.2d at 1366). *See also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §§ 2694 ("[A]ny showing sufficient to justify relief under Rule 60(b) should qualify as "good cause" for purposes of reopening a default entry.") & 2692 ("good cause" standard for setting aside default entry gives district court greater freedom in granting relief than is available in the case of default judgments) (1998).

"The good cause required by Rule 55(c) poses a lesser standard for the defaulting party than the excusable neglect which a party must show for relief from judgment under Rule 60(b)." *Crutcher v. Coleman*, 205 F.R.D. 581, 583 (D. Kan. 2001) (citations omitted). "The principal factors in determining whether defendant has shown good cause to set aside an entry of default include (1) whether the default resulted from culpable conduct by defendant, (2) whether plaintiff would be prejudiced if the Court sets aside the default and (3) whether defendant has presented a meritorious defense." *Crutcher*, 205 F.R.D. at 584 (citations omitted). These factors do not have a "talismanic" quality that requires individual

consideration of each factor or that precludes consideration of other factors. *Crutcher*, 205 F.R.D. at 584 (citation omitted).

Strong policies favor resolution of disputes on their merits. *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (citation omitted). *See also Connell v. City of New York*, 230 F. Supp. 2d 432, 439 (S.D. N.Y. 2002) ("It would be inappropriate not to resolve important legal issues on the merits"); *Oberstar v. FDIC*, 987 F.2d 494, 504 (8th Cir.1993) (noting strong judicial policy against default judgments and judicial preference for adjudication on merits). A district court should resolve doubts in favor of a party seeking relief from the entry of a default. *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989) (citations omitted). *See also Canfield v. VSH Restaurant Corp.*, 162 F.R.D. 431 (N.D. N.Y. 1995) (when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party) (quoting *Enron Oil Corp v. Diakuhura*, 10 F.3d 90, 96 (2nd Cir. 1993)).

III.   Analysis

First, the record indicates that Bennett and Garoutte received notice of this civil action by personal service on October 21, 2003 (doc. # 51) and February 23, 2004 (doc. # 73). Nevertheless, as Baldauf sued 65 Defendants, it is plausible that defense counsel was unaware that Bennett and Garoutte had been served. There is no evidence before the court showing that these two Defendants willfully defaulted.

Second, in determining whether the non-moving party will be prejudiced, the court

must balance the competing principles of finality and serving the ends of justice, keeping in mind that cases should be decided on the merits. *See, e.g., MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 756 (8th Cir. 1996) (citation omitted). Prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits. *DirectTV, Inc. v. Meyers*, 214 F.R.D. 504, 514 (N.D. Iowa 2003). Instead, "setting aside a default judgment must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *DirectTV*, 214 F.R.D. at 514 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). *See also FDIC v. Francisco Inv. Corp.*, 873 F.2d 474, 479 (1st Cir. 1989) (prejudice does not merely mean delay, but rather its accompanying dangers, such as loss of evidence and increased difficulties of discovery) (citations omitted). A court must also balance any potential prejudice to the non-moving party against the strong presumption in favor of trying cases on the merits. *See Victoria's Secret Stores v. Artco Equipment Co, Inc.*, 194 F. Supp. 2d 704, 717 (S.D. Ohio 2002).

If the Clerk's Entry of Default is set aside, Baldauf is faced with virtually no prejudice. He must prosecute his case on the merits against 65 Defendants rather than prosecuting his case on the merits against 63 Defendants.

Third, Defendants assert that they have meritorious defenses to this civil action. In order to establish a meritorious defense, a defendant must assert a defense that would permit a finding for the defaulting party. *DirectTV,* 214 F.R.D. at 513 (citation omitted). A defendant need not demonstrate a likelihood of success on the merits; rather, the defendant need only plausibly suggest the existence of facts which, if proven at trial, would

5

constitute a cognizable defense. *Jetcraft Corp. v. Banpais*, 166 F.R.D. 483, 486 (D. Kan. 1996); *see also In re Stone*, 588 F.2d 1316, 1319-20 (10th Cir. 1978) (the parties do not litigate the truth of the claimed defense in the motion hearing; the court examines the movant's allegations to determine that, if proven true, would constitute a defense to the action).

The Tenth Circuit has remanded the case for further proceedings regarding whether Baldauf may be excused from his failure to administratively exhaust his claims because he was thwarted from so doing. Defendants also join in the numerous defenses raised in the Motion to Dismiss filed by the other Defendants (doc. # 36). The court deems Defendants' defenses appropriately meritorious.

After consideration of the appropriate factors and based upon the principle that the doubts must be resolved in favor of a party seeking relief from the entry of a default, the court concludes that Defendants have met the minimum showing to support relief under Rule 55(c). The relief sought by Defendants will further the resolution of this civil action on its merits without prejudicing Baldauf.

Under the Federal Rules of Civil Procedure, entry of a default is a prerequisite to entry of a default judgment. *Ramada Franchise Systems, Inc. v. Baroda*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (citation omitted). *See also* Fed. R. Civ. P. 55(a) and (b). In light of the court's determination that the Clerk's Entry of Default is properly set aside, Baldauf's Renewed Motion for Default Judgment is properly denied.

Accordingly,

**IT IS ORDERED** that Defendants' "Motion for Set Aside Clerk's Entry of Default"

(filed October 12, 2005) (doc. # 128) is GRANTED and the Entry of Default dated October 12, 2005 (doc. # 127) is hereby set aside.

Further,

**IT IS RECOMMENDED** that, based upon the setting aside of the Entry of Default dated October 12, 2005 (doc. # 127), Baldauf's "Renewed Motion for Default Judgment" (filed October 19, 2005 (doc. # 130) be DENIED.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must

be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 7th day of November, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge