IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01104-REB-CBS

LEONARD BALDAUF,
    Plaintiff,
v.

FRANCES GAROUTTE et al.,
    Defendants.
_____

SUPPLEMENT TO JUNE 6, 2007
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Craig B. Shaffer

Based upon the findings and conclusions set forth in the June 6, 2007 Recommendation of United States Magistrate Judge (doc. # 226),

IT IS FURTHER RECOMMENDED that Mr. Baldauf's Cross Motion for Summary Judgment on Obstruction of Grievance Access" (filed April 16, 2007) (doc. # 213) be DENIED.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th*

*Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 11th day of June, 2007.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge